UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: THE FOLLOWING PETITIONS FOR JUDICIAL REVIEW VERSUS MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION: | ) ) ) ) ) ) ) ) | Civil Action Nos: |
| ROBERT M. PARO | ) ) | 10-30119-KPN |
| SHERRY MICHON | ) ) | 10-30152-KPN |
| CHRISTOPHER ZINGLE | ) ) | 10-30166-KPN |
| JACK STIMPSON | ) ) | 10-30193-KPN |
| LAWRENCE CREVIER | ) ) | 10-30195-KPN |
| PATRICIA ANN MALEJKA | ) ) | 10-30205-KPN |
| GLADYS RIVERA | ) ) | 10-30217-KPN |
| MAYRA ALTAMIRANO | ) ) | 10-30231-KPN |
| RICHARD M. CALHOUN | ) ) | 10-30239-KPN |
| JANE IRENE BARR | ) ) | 11-30031-KPN |
| LYNN ANN POPOVICH | ) ) | 11-30043-KPN |
| ALBERTO GONZALEZ | ) ) | 11-30046-KPN |
| OSCAR ARZOLA | ) ) | 11-30057-KPN |
| WILMALIZ HUERTAS | ) ) | 11-30064-KPN |
| JUAN CARLOS PEREZ | ) ) | 11-30074-KPN |
| MARGARET ANN DROLLETT | ) ) | 11-30075-KPN |
| BOZENA C. GIERYK | ) | 11-30077-KPN |

| | | |
|---|---|---|
| LUIS A. SANTIAGO, SR. | ) | 11-30080-KPN |
| | ) | |
| HEATHER MARIE GREENE | ) | 11-30084-KPN |
| | ) | |
| HECTOR L. REYES | ) | 11-30086-KPN |
| | ) | |
| ERIN L. HEMINGWAY | ) | 11-30096-KPN |
| | ) | |
| SUZANNE WOOD | ) | 11-30098-KPN |
| | ) | |
| MAUREEN O'GORMAN | ) | 11-30104-KPN |
| | ) | |
| DANIEL W. TUCKER | ) | 11-30115-KPN |
| | ) | |
| L.I.D. by her mother, LUZ IVETTE VAZQUEZ | ) | 11-30132-KPN |
| | ) | |
| ROBERT EDWARD SMITH | ) | 11-30143-KPN |
| | ) | |
| LENORA A. BROWN | ) | 11-30144-KPN |

MEMORANDUM AND ORDER
July 26, 2011

NEIMAN U.S.M.J.

On May 31, 2011, the court issued to the Commissioner of the Social Security Administration an order to show cause why the above-captioned cases should not be remanded for further review by the Appeals Council so as to accord these claimants the administrative review they would have received had the Decision Review Board ("DRB") process been successfully implemented. *See In re Astrue*, 2011 WL 2173995 (D.Mass. May 31, 2011). The underlying reasons for the order were set forth in detail and the attorneys representing the claimants were invited to set forth their views as well. Thereafter, the court heard from the parties at hearings on July 7 and 12, 2011. For the reasons which follow, the court will not remand the cases, except for seven which, upon agreement of the parties, have been remanded on other grounds. *See Altamirano*, (10-

2

CV-30231-KPN); *Popovich* (10-CV-30043-KPN); *Gonzalez*, (11-CV-30046-KPN); *Drollett*, (11-CV-30075-KPN); *Gieryk*, (11-CV-30071-KPN); *Santiago*, (11-CV-30080-KPN); *and O'Gorman*, (11-CV-30104-KPN). One other has been voluntarily dismissed by the claimant. *See L.I.D. by Vazquez*, (11-CV-30132-KPN).

The first and primary reason for not ordering remand in the remaining cases is the parties' universal agreement that such remands would inordinately delay resolution of the cases. The issue in a number of the cases has already been joined and the remaining cases will be ripe for resolution in the near future. Thus, even were the court to require that the cases be given priority by the Appeals Council, in the same manner as pending DRB cases have been given primacy in accord with the Commissioner's recent regulatory changes, there is no telling how long the Appeals Council would take to review the cases, let alone how long it would take for future judicial review, if necessary, to be accomplished. This is not to say that the court itself will be able to handle the present cases as quickly as the parties might wish, but it will endeavor to do so.

Second, as indicated, a number of cases have already been remanded at the request of the Commissioner with the consent of the claimants. The court is hopeful that the Commissioner himself, with voluntary remand in mind, will continue to review not only the remaining cases but the plethora of cases which continue to be filed. As discussed in the court's order to show cause, this is a responsibility which, although exercised historically by the Commissioner, had no doubt become more burdensome as the result of the breakdown of the DRB system.

Third, as a result of the various responses received from claimants'

representatives, it has become evident to the court that the DRB's failures are not solely responsible for the significant increase in cases filed in this Division of the District Court. Rather, the increase in number may be due as well to the exceptionally low reversal rate of administrative law judges situated in this Division, *i.e.,* the percentage of appeals approved by the administrative law judges themselves. The court raised this possible explanation for the spike in filings in its order to show cause and, in response, the claimants' representatives provided greater detail.

Citing statistics provided by the Social Security Administration itself, counsel pointed out that the percentage of fully favorable decisions by ALJs, *i.e.*, decisions which would not be appealed by claimants, were significantly lower in the Office of Disability Adjudication and Review ("ODAR") situated in this Division than in the six other offices in New England for the period of September 25, 2010 to May 27, 2011, the most recent data available for the current fiscal year. The statistics show, counsel represented, that of the 14,980 decisions made by the six other ODAR offices in Region I, 9,913, or 66.2%, were "fully favorable," a figure which approximates the national average; the percentages range from a high of 73.2% in Portland, Maine, to a low of 58.9% in Providence, Rhode Island. In contrast, the "fully favorable" percentage was 42.0% for the six ALJs at the Springfield ODAR; three of those ALJs have "fully favorable" approval rates as low as 33.3%, 25.3%, and 13.6%. Had the Springfield ODAR adjudicated its 1,951 cases in this period of time at the average favorable rate of the other ODAR offices in Region I, 473 additional cases would have been approved. From a historical point of view, these types of cases, counsel posits, are arguably the

4

cases that have caused a good part of the flood of appeals in this Division.[1]

In any event, these statistics suggest that the increase in the number of cases filed in this Division cannot be attributed solely to the failure of the DRB system, thereby making it even less appropriate for the wholesale remand of cases to the Appeals Council. Of course, there is little that the court can do, or ought to do, with regard to the reversal rates brought to its attention. Administrative law judges are independent judicial officers with the responsibility to apply the law to the facts of the cases they hear. Standing alone, mere differences in reversal rates, no matter how large or small, are no reason for this court to take any action. What the court must do, as it has in the past, is consider each appealed case on its own merits.

IT IS SO ORDERED.

DATED: July 26, 2011

      /s/ Kenneth P. Neiman
      KENNETH P. NEIMAN
      U.S. Magistrate Judge

---

[1] It should be noted that one Springfield ALJ with a "fully favorable" reversal rate of 25.3% had an extremely high "partially favorable" reversal rate, which, if combined with the "fully favorable" reversal rate, would achieve an overall reversal rate of 86%. This ALJ appears to have approximately twice as many partially favorable decisions as any other ALJ in the country. See ALJ Disposition Data http://www.socialsecurity.gov/appeals/DataSets/Archive/03_FY2011/03_May_ALJ_Disposition_Data.html. While this might be considered positively by the claimants' bar, counsel nonetheless raised serious concerns at the hearing about the practices which lead to these statistics. See Betancourt v. Astrue, 2011 WL 249881 at *3-5 (D.Mass. Jan. 21, 2011) (addressing due process concerns about administrative law judge's off-the-record substantive discussions).